# CV 15 - 6400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**AMON, CH.J.**

**SCANLON, M.J.**

-------------------------------------------------------X

JEUNGSANDO OF AMERICA, INC.,
a religious corporation,
and MYUNG SUN YOO,

                         Plaintiffs,

     vs.

JEUNG SAN CHAM SHIN AHNG, a/k/a
Jeung San World or Jeungsanworld,
is an unincorporated association of a
religious nature;
SANG KYUN RO; HEUN SOON LEE;
DANIEL JOE; DANIEL EVANCHO;
KARYS DALSOOK MA; and
UN SOOK PARK, JOHN DOES
(FICTITIOUS NAMES, NO'S 1-100),
AND XYZ COMPANIES
(FICTITIOUS NAMES, NO'S 1-100),

                         Defendants.

-------------------------------------------------------X

ECF CASE

Civil Action

COMPLAINT

Case No.: _____

Hon. _____

**JURY TRIAL DEMANDED**

[  ] Yes      [X] No

      Plaintiff, Jeungsando of America, Inc. ("JSD") and Myung Sun Yoo ("Yoo"), by and

through their attorneys, Kim & Bae, P.C., hereby submit their Complaint against Defendants,

and allege the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1331, as the case arises under the

Copyright Act of 1976 (as amended), 17 U.S.C. § 101 et seq., the Digital Millennium Copyright

Act of 1998, 17 U.S.C. § 1201, et seq., and the Enforcement Act (Civil Rights Act) of 1871 (as

amended), 42 U.S.C. §§ 1985(3) and 1986.

2.      Venue is proper pursuant to 28 U.S.C. § 1391.  At least one Defendant, Defendant

Park, resides in this District.

1

3.      The conduct that took place either occurred within this district, or was directed by Defendant Park from within this District.

## STATEMENT OF THE CASE

4.      This is a case of defamation, copyright infringement, and violation of Plaintiff's civil rights, which seeks both an injunction in equity and damages at law.

5.      Defendants, together and each of them, have published false and defamatory statements about Plaintiffs. Defendants' conduct is intentional, willful, wanton, malicious and/or negligent, with an intent to harm Plaintiffs.

6.      Defendants, together and each of them, infringed on copyrights possessed by Plaintiffs, by publishing them on the internet and in other places.

7.      The actions set forth above, as more fully explicated below, were so outrageous that they contravened the prima facie tort doctrine.

8.      As set forth above, and as more fully explicated below, Defendants conspired among themselves, subjecting them to civil liability.

9.      Defendants have violated the provisions of the New York State Constitution that protect the free exercise and enjoyment of religious profession and worship.

## STATEMENT OF THE PARTIES

10.    Plaintiff JSD is a religious corporation, incorporated under the laws of the State of New York.  JSD maintains a place of business at 33-17 Farrington Street, Second Floor, Flushing, New York 11354.  JSD is a religious organization which has followers in the United States and around the world.

11.    Plaintiff Yoo is an adult individual, with an address at 4351 Gina Court, N.W., Lilburn, Georgia  30047.

12.    Defendant Jeung San Cham Shin Ahng, also known as Jeung San World, or, Jeungsanworld, is a religious organization with a location at, among other places, 300 South Hobart Boulevard, #400, Los Angeles, California  90020.  Jeungsanworld expresses itself on a website named "www.jeungsanworld.net."

13.    Defendant Sang Kyun Ro ("Ro") is an adult individual, with a residential address at 405-Ho, 108-Dong, Smartview Apartments, 15, Sungnam-Ro, Dong-Gu, Daejeon, South Korea, and a mailing address at P.O. Box 371, Daejeon Post Office, Dong-Gu, Daejeon, South Korea. Defendant Ro is a member, founder and leader of Jeung San Cham Shin Ahng, also known as jeungsanworld.

14.    Defendant Heun Soon Lee ("Lee") is an adult individual, with an address at 102-Ho, 32 Bonggoknam-ro 20-gil, Hanul Suntown House, Gumi-si, Kyungsangbuk-do, South Korea. Defendant Ro is a member, founder and leader of Jeung San Cham Shin Ahng, also known as jeungsanworld.

15.    Defendant Karys Dalsook Ma ("Ma") is an adult individual, with an address at 300 South Hobart Boulevard, #400, Los Angeles, California  90020.  Defendant Ma is a member of Jeung San Cham Shin Ahng, also known as Jeung San World.  Defendant Ma is also the current

3

leader of Jeung San World. Defendant Ma is the current owner of websites named "www.jeungsanworld.net" and "jsdfact.com." Defendant Ma is employed as an acupuncturist and fortune teller, and often travels to, stays and does business in New York City, New York.

16.      Defendant Un Sook Park ("Park") is an adult individual, with an address at 46-17 215th Place, #1b, Bayside, New York 11361. Defendant Park is a member of Jeung San Cham Shin Ahng, also known as Jeung San World. Upon information and belief, Defendant Park is the regional leader of the New York region of Jeung San Cham Shin Ahng, also known as Jeung San World.

17.      Defendant Daniel Joe ("Joe") is an adult individual, with an address at 8650 N.W. 72nd Street, Miami, Florida 33166. Defendant Joe operates the internet website "www.jeungsanworld.net." Defendant Joe is the former owner of the internet website, "www.jeungsanworld.net." The current owner of this website is Defendant Ma.

18.      Defendant Daniel Evancho ("Evancho") is an adult individual, with an address at 3775 N.W. 77th Street, Miami, Florida 33147. Defendant Evancho operates the internet website www.jsdfact.com. Defendant Evancho is a former owner of the internet website, "www.jsdfact.com." The current owner of this website is Defendant Ma.

19.      Defendants John Does (Fictitious Names, No's 1-100), are natural persons, whose identities are unknown to Plaintiffs, who, upon information and belief, are or may be liable to Plaintiffs, in damages, costs, and attorneys' fees, and for injunctive relief, for the tortious, wrongful, and otherwise improper actions, set forth more fully below.

20.      Defendants XYZ Companies (Fictitious Names, No's 1-100), are companies, corporations, limited liability corporations, business enterprises, professional corporations, partnerships, joint ventures, religious organizations, religious corporations, voluntary

4

associations, enterprises in general, and every other type of business, association or entity, who, upon information and belief, are or may be liable to Plaintiffs, in damages, costs, and attorneys' fees, and for injunctive relief, for the tortious, wrongful, and otherwise improper actions, set forth more fully below.

## FACTUAL ALLEGATIONS

21.      Defendants Jeung San Cham Shin Ahng, Ro, Lee, and/or the fictitious defendants, published copyrighted material, that was owned by the Plaintiff, JSD, without the permission or consent of JSD.

22.      Defendants Jeung San Cham Shin Ahng, Ro, and Lee, published a multiplicity of defamatory statements against Plaintiff JSD, initially on websites in South Korea, and, subsequently, on websites in the United States.

23.      At all times herein relevant, Defendant Jeung San Cham Shin Ahng acted through its agents and employees, which included Defendants Ro, Lee, Ma, Park, Joe, Evancho, and/or the fictitious defendants.

24.      Upon information and belief, Defendants Jeung San Cham Shin Ahng, Ro, Lee, Ma, Park, Joe, Evancho, and/or the fictitious defendants, acted in concert to publish copyrighted material, belonging to the Plaintiff JSD, and to make defamatory, false, and/or misleading statements, against the Plaintiffs.

25.      The defamatory statements included false accusations that Plaintiff JSD perpetrated, directed, or was somehow involved in the murder of Professor Hong and his wife.

26.      Other defamatory statements made in South Korea on the internet include a statement that Plaintiff JSD is a terrorist organization.

5

27.      Such statements were and are not true.

28.      Criminal prosecutions were brought against several individuals in Korea for criminal defamation. The Seoul Central District Court found these parties to be guilty, with respect to the defamatory statement that asserted that Plaintiff JSD had murdered Professor Hong and his wife. In order for those individuals to have been guilty, the statement could not have been true. See Seoul Central District Court, Case # 2012 KoJung 3440; Seoul Central District Court, Case # 2013 No 1664; and Supreme Court of Korea, Case # 2013 Do 10048. The court in Korea compelled the closure of the websites that had originated, at the time, in South Korea.

29.      In the recent past, and at the present time, Defendants Jeung San Cham Shin Ahng, Ro, and Lee, with the participation of Defendants Joe and Evancho, have and are repeating their defamatory statements against Plaintiffs on internet websites established in the United States. Defendants Jeung San Cham Shin Ahng, Ro and Lee have stated their intention on a South Korean website to move the website overseas and away from Korea, to avoid Korean law.

30.      The website jsdfact.com states that the website owner created the website overseas [from Korea] so there would be no worry about being sued for the distribution of false facts or defamation. The creators of the website admitted that the purpose of the website is to distribute false information and to defame Plaintiff JSD. Upon information and belief, the website was shut down by the Korean government. The website contains an application that permits users to redirect themselves to a defamatory website in the United States.

31.      On or about November 16, 2013, Defendant Ro obtained or registered the internet domain name jeungsanworld.net. The internet domain name registration identifies the registrant as Defendant Ro.

32.     On or about November 26, 2013, Defendant Ro transferred to Defendant Joe the internet domain name jeungsanworld.net. The internet domain name registration identifies the registrant as Daniel Joe and the registrant organization as Jeung San World.  Upon information and belief, ownership of this website was transferred to Defendant Ma on or about July 9, 2015.

33.     A website has been established using this domain name at the address of www.jeungsanworld.net. The primary, and virtually the sole purpose of this website, was and is to falsely and maliciously bash, harass, attack and destroy Plaintiffs in writing. The website has gone far beyond fair comment to defamation. By the nature of the internet, the website has been published globally, including in this district.

34.     Defendants, among themselves and, upon information and belief, with others, whose identity is not yet known to the Plaintiffs, agreed, conspired, acted in concert, and otherwise assisted each other in producing the website www.jeungsanworld.net and its contents.

35.     On or about December 20, 2013, Defendant Evancho obtained or registered the internet domain name jsdfact.com. The internet domain name registration identifies the registrant as Daniel Evancho.  Upon information and belief, ownership of this website was transferred to Defendant Ma on or about July 10, 2015.

36.     A website is now established using this domain name at the address of www.jsdfact.com. The primary, and virtually the sole purpose of this website, is and was to falsely and maliciously bash, harass, attack and destroy Plaintiffs in writing.  The website has gone far beyond fair comment to defamation. By the nature of the internet, the website is published globally, including in this district.

37.     Prior to the time of the filing of this complaint, Defendant Park was formerly an employee of JSD.

7

38.     During that time, Defendant Park took and/or converted to her own use, without privilege or authorization, names and email addresses of members of JSD.

39.     This information was confidential, proprietary, and of a religious nature.

40.     Upon information and belief, Defendant Park, working with Defendant Ma, sent the members of JSD defamatory, false, and misleading statements that were intended to alienate the members of JSD from the organization.

41.     The people whose names and email addresses were taken were entitled to privacy, and sending them defamatory, false, and misleading statements violated their right to privacy.

42.     Upon information and belief, Defendant Park and Defendant Ma received instructions from Defendant Ro, Defendant Lee, and/or Defendant Jeung San Cham Shin Ahgn, and/or worked in concert with them, to defame the Plaintiffs and to attempt to alienate members of JSD from the organization, and which included the misuse of copyrighted material.

43.     Upon information and belief, Defendant Park and Defendant Ma also exercised control over the dissemination of the defamatory, false, and misleading statements, as referred to above, and which are set forth fully below, and which included copyrighted material.

44.     Upon information and belief, Defendant Jeung San Cham Shin Ahgn, acting through its agents and employees, worked in concert with Defendants Ro, Lee, Joe, Evancho, Ma, Park, and/or the fictitious defendants, to publish copyrighted material, owned by the JSD, and to disseminate the defamatory, false and misleading statements, as referred to above, and which are set forth more fully below.

45.     Defendants, and each of them, agreed, conspired, acted in concert, and otherwise assisted each other in producing the website www.jsdfact.com and its contents.

8

46.     Wix.com is an internet hosting company which provides the ability of customers to establish their own websites. Two such websites are yasodin.wix.com/joodosin and taekeukemperor.wix.com/memorial. Both of these websites had as their purpose to bash, harass, attack and destroy Plaintiffs in writing. The websites have gone far beyond fair comment to defamation. By the nature of the internet, the websites are published globally, including in this district.

47.     Defendants, and each of them, agreed, conspired, acted in concert, and otherwise assisted each other in producing the websites yasodin.wix.com/joodosin and taekeukemperor.wix.com/memorial and their contents.

48.     In June 2015 and July 2015, Defendants published on their website claims that they were going to, falsely, report a member/ officer of JSD to the United States Citizenship and Immigration Services agency Department of Homeland Security as a "terrorist" or "terrorists." At that time, the website also asserted that they were going to, falsely, report a member/ officer of JSD as "illegal immigrants." At that time, the website also falsely asserted that a leader of JSD was the head of a terrorist organization.

49.     The statements made on these websites are false and are defamatory in nature.

50.     Defendants published their defamatory material to the world without privilege or authorization.

51.     The false statements set forth above were made intentionally, willfully, wantonly, maliciously, and/or negligently.

52.     Plaintiffs suffered special damages.

53.     The statements were made knowing that they were false, or with a reckless disregard for whether they were true or false.

54.        The statements were made with actual malice.

## THE DEFAMATORY STATEMENTS

55.        The website at www.jeungsanworld.net contained numerous false and defamatory statements against Plaintiffs.  The false and defamatory statements include:

        a.        The JSD leader instigated its believers to commit a murder.

        b.        A lot of other JSD women, including "myself" [meaning the writer of the statement], were sexually harassed or raped.

        c.        It is a fact that [the leaders of JSD] are shameless guys who lusted after young women believers and impregnated them and aborted the fetuses.

56.        The website at www.jsdfact.com contains numerous false and defamatory statements against Plaintiffs.  The false and defamatory statements include:

        a.        A discourse on alleged issues of JSD leader's abnormal sexuality, and Woon-San Ahn's supposed sexual harassment had begun several decades ago. With young JSD women from every district, he probably did almost every dirty sexual behavior except a sexual intercourse. He touched and sucked young JSD women's breast, put his fingers into their vagina, and ejaculated because he was sexually excited. He asked them to put their hands into his pants and massage his penis. He also kissed them by putting his tongue into the women's mouth.

        b.        [The JSD missionary team] raped married women … They used their authority to rape young JSD women, assaulted believers, and embezzled offerings.

c.   She's [Myung Sun Yoo] good looking but I don't understand why she ruined her own life by doing a Sando thing. This bitch is a Lady Sando who was radioactively contaminated by San-Chan and San-Jun. Come to think of it, it is incest between father and son.

d.   This bitch looks like whore to many men. She [Myung Sun Yoo] looks like a slapper.

e.   She [Myung Sun Yoo] is an incarnated nymphomaniac.

f.   Myung Sun [Yoo], you nymphomaniac. ... Nymphomaniac Myung Sun [Yoo] ...

57.   The website at yadosin.wix.com/joodosin contains numerous false and defamatory statements against Plaintiffs. The false and defamatory statements include:

a.   I [meaning the writer of the statement] accuse an immoral religious leader Joong-Gun Ahn for sexually harassing and sexually assaulting a young JSD woman based on the fact that I heard from Ms. Choi's husband. According to her husband, Joong-Gun Ahn abused his right as a religious leader to sexually assault Ms. Choi.

b.   Sexual abuse by a religious organization [JSD] is an extremely heretical behavior and has to be widely known.

c.   That motherfucker [referring to Ahn, Gyeong-Jeon Jondosanim] cannot marry since he slept around promiscuously with a group of young JSD women, call Sun Nyo Dan [referring to the sisterhood of clergywomen within JSD].

11

58.     In June 2015 and July 2015, and continuing to the present time, Defendants published on their website a statement that a leader or leaders of JSD are a "terrorist" or "terrorists," and is the head of, or are the heads of, a "terrorist" organization.

59.     Upon information and belief, other individuals and entities are involved in the publication of this defamatory material, whose identities are as yet unknown, but to be discovered.

## COUNT ONE - DEFAMATION

60.     Plaintiffs repeat and re-allege the prior allegations as if set forth at length herein.

61.     As described above, Defendants have made false and defamatory statements about Plaintiffs.

62.     Defendants published these statements to third parties.

63.     By publishing the false statements on the internet, the statements are effectively available to the entire world.

64.     Defendants were not authorized by any Plaintiff to make these false statements.  No privilege exists to protect these false statements.

65.     Defendants are at minimum negligent in publishing, or causing to be published, these false statements.

66.     In fact, Defendants intended to cause harm to Plaintiffs.  Their conduct was reckless, intentional, willful, wanton, and malicious.  As a result, Plaintiffs are entitled to punitive damages.

67.     The statements were made knowing that they were false, or with a reckless disregard for whether they were true or false.

68.     The statements were made with actual malice.

12

69.       As a direct and proximate result, Plaintiffs suffered general and special damages. These damages included harm to the reputation of Plaintiffs.  Plaintiff JSD has lost members of the religious organization, lost potential members of the religious organization, and has lost donations as a direct and proximate result of the defamatory statements made by Defendants. The false and defamatory statements also constitute defamation per se.   The defamatory statements falsely accuse Plaintiffs of criminal activity.  The false statements concern Plaintiffs' trade, business and profession.  As a direct and proximate result of the actions set forth above, Plaintiffs were caused to suffer emotional distress, injuries to their reputation, injuries to their religious organization and to their religion, and were caused to suffer damages and harms in diverse other ways.

WHEREFORE, Plaintiffs seek judgment in their favor, and against Defendants, jointly and severally, in an amount in excess of Twenty Million Dollars ($20,000,000.00), together with punitive damages, pre- and post-judgment interest, costs of suit, attorney's fees, and any other relief the court deems as fair and just.

## COUNT TWO – COPYRIGHT INFRINGEMENT - 17 U.S.C. § 101, ET SEQ.

70.       Plaintiffs repeat and re-allege the prior allegations as if set forth at length herein.

71.       Plaintiff JSD owns the copyright in the works listed in the next paragraph.

72.       Defendants have posted copies of these copyrighted works on these websites, as follows:

A: http://jeungsanworld.net/bbs/board.php?bo_table=0203&wr_id=14284
Cover of "Korea and Jeung San Do" being uploaded, copied and published, without consent. [The title of the copy was "Chakra that was put in Mr. Ahn, Gyeong-Jeon's Book."]

B:  http://jeungsanworld.net/bbs/board.php?bo_table=0206&wr_id=4025#c_4028
http://jeungsanworld.net/bbs/board.php?bo_table=0206&wr_id=4026#c_4029

A lecture by Suhosa (high official) Jeon, Gi-hoon, uploaded, copied and published, without consent.

[The title of the copy was: "A lecture from Jeon, Gi-hoon of Ahn San Gyo."]


C:  http://jeungsanworld.net/bbs/board.php?bo_table=0210&wr_id=4472

Ahn, Gyung- Jeon, the Jongdosanim's of JSD lecture, uploaded, copies and published, without consent.

[The title of the copy was: "Mr. Ahn, Jeong-geon's sermon from a week ago."]


D:  http://jeungsanworld.net/bbs/board.php?bo_table=0204&wr_id=2453

Copy of the Cosmic 1 year diagram, uploaded, copied and published, without consent.

[The title of the copy was "Granny's trashy drawing of the principles of the Cosmic change and transformation." ]


E:  http://jeungsanworld.net/bbs/board.php?bo_table=0210&wr_id=4446

A menu from JSD's homepage, uploaded, copied and published, without consent.

[The title was: "A new menu that appears on Ahn San Gyo's homepage."]


F:  http://jeungsanworld.net/bbs/board.php?bo_table=0210&wr_id=4493

Advertisement for JSD, taken from an STB Sangsaeng Broadcasting, uploaded, copied and published, without consent.

[The title was:  "False dharma goes global."]


G: http://jeungsanworld.net/bbs/board.php?bo_table=0210&wr_id=4525

Advertisement for the annual Heavenly ritual, uploaded, copies and published, without consent.

[The title was:  "A news of the great Heavenly ritual ceremony on June 21st."]

H: http://jeungsanworld.net/bbs/board.php?bo_table=0210&wr_id=4435

A prayer specifically designed and used for a ritual, uploaded, copied and published, without consent.

[The title was: "An excerpt from Sa-Oh-Mi days 12 years ago."]


I: http://jeungsanworld.net/bbs/board.php?bo_table=0210&wr_id=4426

An excerpt from the book entitled, "Jeung San Gyo's Truth," copied, uploaded and published, without consent.

[The title was: "Even he had this kind of pure heart in his young days."]


J: http://jeungsanworld.net/bbs/board.php?bo_table=0210&wr_id=4055&page=3

Picture in the middle of the article consists of an image taken from the webpage of Jeung San Do University, where the images are protected by copyright. It was copied, uploaded and published, without consent.

[The title was: "[Morning lecture from just now] Jongdosa said if the Horse talisman is fake he too has been deceived."]


K: http://jeungsanworld.net/bbs/board.php?bo_table=0210&wr_id=2877&page=7

An advertisement of from JSD, uploaded, copies and published, copied and published, without consent.

[The title was: "Advertisement from the 80's."]


L: http://jsdfact.com/site/bbs/board.php?bo_table=2_1&wr_id=473&page=5

Ahn, Gyung-Jeon, the Jongdosanim's lecture uploaded, copied and published, without consent.

[The title was: "[Video] Thousands of Samurai swords would've pierced their throat if there is still justice a alive in our history."]

M:  http://jsdfact.com/site/bbs/board.php?bo_table=3_1&wr_id=6594&page=5

Ahn, Gyung-Jeon, the Jongdosanim's lecture, copied, uploaded and published, without consent.

[The title was: "On the Dogi year 133 (2003) Feb. 12th Con man Ahn, Gyung-Jeon's lecture about gaebyeok is going to happen."]

N:  http://jsdfact.com/site/bbs/board.php?bo_table=3_1&wr_id=6571&page=5

Ahn, Gyung-Jeon, the Jongdosanim' picture and lecture, uploaded, copied and published without consent.

[The title was:  "Breaking news from May's Grand Council Meeting, Ahn, Gyung-Jeon conning and making excuses in his shit lecture."]

O:  http://jsdfact.com/site/bbs/board.php?bo_table=3_1&wr_id=5935&page=10

Ahn, Gyung-Jeon, the Jongdosanim's picture, uploaded, copied and published, without consent.

[The title was:  "Ahn, Gyung-Jeon (a pun) F**cking B*tch, finally receives a star in 40 years as a con man—if you look at the pictures the District Attorneys agreed about his conning."] Note: This is a fake article made for defamatory purposes; the false article is referring to claiming that each time somebody commits a crime, the police in Korea will add a star to your records.

P:  http://jsdfact.com/site/bbs/board.php?bo_table=3_1&wr_id=5740&page=12

Ahn, Gyung-Jeon, the Jongdosanim picture, uploaded, copied and published, without consent.

[The title was: "Do you know the Northern Learning's cult leader who appointed North Korean Communist Party's spy as a suhosa (high official)?"]

Q:  http://jsdfact.com/site/bbs/board.php?bo_table=3_1&wr_id=2937&page=30

Ahn, Gyung-Jeon, the Jongdosanim's lecture, uploaded, copied and published, without consent.

[The title was: "Do Jun."]

73.     The copies of the works are available to people who reside and live in the United States, and the act of accessing the particular web page the work is on necessarily transmits a copy of the work to the person's location in the United States.

74.     Defendants are and were not authorized to use, copy, distribute, publish, or transmit the works in any way.

75.     The publication of these materials, without consent or permission, constitutes an infringement of Plaintiff's copyrights on them.

76.     A separate act of infringement takes place each time a person accesses the website containing the copyrighted materials.

77.     Defendants have violated the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

78.     As a result, Plaintiffs suffered damages, including actual damages and/or statutory damages.

79.     Defendants should be disgorged of any and all ill-gotten gains.

80.     Defendants' conduct was willful and intentional, permitting enhanced damages and/or punitive damages, and Plaintiffs were harmed in diverse other ways.

81.     Further, Plaintiff JSD and Plaintiff Yoo are entitled to an injunction under 17 U.S.C. §§ 301, 502 & 503, including a preliminary and final injunction. The Court is asked to order that such copyrighted material be removed from the websites at issue and precluding further infringement.

82.     Further, Plaintiff JSD and Plaintiff Yoo are entitled to counsel fees and legal costs under 17 U.S.C. § 505.

        WHEREFORE, Plaintiffs seek judgment in their favor, and against Defendants, jointly and severally, in an amount in excess of Twenty Million Dollars ($20,000,000.00), together with

punitive damages, pre- and post-judgment interest, costs of suit, attorney's fees, injunctive relief, impounding of the infringing documents, and any other relief the court deems as fair and just.

## COUNT THREE – DIGITAL MILLENNIUM COPYRIGHT ACT-
## 17 U.S.C. § 1201, ET SEQ.

83.     Plaintiffs repeat and re-allege the prior allegations as if set forth at length herein.

84.     Defendants removed some or all of the copyright management information from the writings set forth above, when they were taken, without the consent of Plaintiffs, and published on their own website, in violation of 17 U.S.C. § 1201.

85.     Plaintiffs are entitled to actual damages and disgorgement of Defendants of any ill-gotten gains, pursuant to 17 U.S.C. § 1203(b)(2); (c)(1)(A) & (c)(2).

86.     Plaintiffs are entitled to statutory damages, pursuant to 17 U.S.C. § 1203(c)(3)(A).

87.     Plaintiffs are entitled to injunctive relief, restraining the aforesaid violations, and/or impounding the infringing documents, pursuant to 17 U.S.C. § 1202(b)(1) & (2).

88.     Plaintiffs are entitled, within the discretion of the Court, to a reasonable attorney's fee and costs, pursuant to 17 U.S.C. § 1203(b)(4) & (5).

WHEREFORE, Plaintiffs seek judgment in their favor, and against Defendants, jointly and severally, in an amount in excess of Twenty Million Dollars ($20,000,000.00), together with punitive damages, pre- and post-judgment interest, costs of suit, attorney's fees, injunctive relief, impounding of the infringing documents, and any other relief the court deems as fair and just.

## COUNT FOUR – PRIMA FACIE TORT

89.     Plaintiffs repeat and re-allege the prior allegations as if set forth at length herein.

90.     The above described acts were done for the purpose of the intentional infliction of harm.

91.     Defendants had no excuse or justification for their actions.

92.     Defendants conduct was motivated solely by malice and/or malevolence.

93.     As a result, Plaintiffs suffered, and continue to suffer special damages.

94.     Defendants conduct was reckless, intentional, willful, wanton, and/or malicious.  As a result, Plaintiffs are entitled to compensatory and punitive damages.

95.     Plaintiff JSD has lost members of the religious organization, lost potential members of the religious organization, and has lost donations as a direct and proximate result of the malevolent, reckless, intentional, willful, wanton and/or malicious actions of Defendants, in violation of the prima facie tort doctrine.

96.     The false assertion that a leader or leaders of JSD are a "terrorist," or "terrorists," and are the head of a "terrorist" organization was and are malevolent, reckless, intentional, willful, wanton and/or malicious, in derogation of the prima facie tort doctrine.

97.     Defendants' threat to, falsely, report a member/ officer of JSD to the United States Citizenship and Immigration Services agency Department of Homeland Security as a "terrorist," or "terrorists," and their threat to, falsely, report a member/ officer of JSD "illegal immigrants," constitute malevolent, reckless, intentional, willful, wanton and/or malicious activity, in derogation of the prima facie tort doctrine.

98.      As a direct and proximate result of the actions set forth above, Plaintiffs were caused

to suffer emotional distress, injuries to their reputation, injuries to their religious organization

and to their religion, and were caused to suffer damages and harms in diverse other ways.

WHEREFORE, Plaintiffs seek judgment in their favor, and against Defendants, jointly

and severally, in an amount in excess of Twenty Million Dollars ($20,000,000.00), together with

punitive damages, pre- and post-judgment interest, costs of suit, attorney's fees, and any other

relief the court deems as fair and just.

## COUNT FIVE – CIVIL CONSPIRACY

99.      Plaintiffs repeat and re-allege the prior allegations as if set forth at length herein.

100.    Defendants agreed, acted in concert, assisted and cooperated with each other to

publish defamatory statements about Plaintiffs. Defendants agreed and cooperated with each

other to inflict harm upon Plaintiffs. Defendants, being more than two (2) in number, entered

into a corrupt agreement between and among themselves, and, upon information and belief, with

parties whose identities are unknown.

101.    In furtherance of this agreement, Defendants actually established the websites, and

published false and defamatory statements about Plaintiffs on the websites, thus constituting one

or more overt acts, intentionally done, in furtherance of the unlawful plans.

102.    The participation of each Defendant was intentional and in furtherance of the purpose

of harming Plaintiffs.

103.    In fact, Defendants intended to cause harm to Plaintiffs. Their conduct was reckless,

intentional, willful, wanton, and/or malicious. As a result, Plaintiffs are entitled to punitive

damages.

104.      As a result, Plaintiffs suffered damages.  These damages included harm to the business, religious, and/or personal reputation of Plaintiffs.

105.      Upon information and belief, Defendants conspired with others, whose identities are not known to Plaintiffs, to engage in the harm and activities against Plaintiffs, as set forth more fully above and below.

106.      As a direct and proximate result of the actions set forth above, Plaintiffs were caused to suffer emotional distress, injuries to their reputation, injuries to their religious organization and to their religion, and were caused to suffer damages and harms in diverse other ways.

WHEREFORE, Plaintiffs seek judgment in their favor, and against Defendants, jointly and severally, in an amount in excess of Twenty Million Dollars ($20,000,000.00), together with punitive damages, pre-and post-judgment interest, costs of suit, attorney's fees, and any other relief the court deems as fair and just.

## COUNT SIX – ENFORCEMENT ACT (CIVIL RIGHTS ACT) OF 1871, AS AMENDED – 42 U.S.C. §§ 1985(3), 1986 & 1988.

107.      Plaintiffs repeat and re-allege the prior allegations as if set forth at length herein.

108.      At all times herein relevant, Defendants, being more than two (2) in number, in the State of New York, and in other States and places in the United States, conspired with one another, and, upon information and belief, with others whose identities are not known to Plaintiffs, for the purpose of depriving, both directly and indirectly, the Plaintiffs, and the class of persons in which Plaintiffs are members, to interfere with their constitutional rights, including their privileges and immunities, and/or their equal privileges and immunities, and/or their right to equal protection of the law and due process of law, and their right to the free exercise of their

21

religion, and injuring Plaintiffs in their person and/or property, in violation of 42 U.S.C. § 1985(3).

109.    Plaintiffs suffered class based discrimination on the basis of their religion or creed, by the direct and proximate actions of Defendants, in violation of 42 U.S.C. § 1985(3).

110.    Defendants had knowledge of the wrongs set forth above, both in this count and in the all of the counts of this Complaint, and, having the power to prevent or aid in the prevention of the commission of the aforesaid wrongs, by reasonable diligence, and neglected or refused to do so, in derogation of 42 U.S.C. § 1986.

111.    As a direct and proximate result of the actions set forth above, Plaintiffs were caused to suffer emotional distress, injuries to their reputation, injuries to their religious organization and to their religion, and were caused to suffer damages and harms in diverse other ways.

112.    Plaintiffs are entitled to compensatory damages, punitive damages, injunctive relief, pre- and post-judgment interest, and costs and attorney's fees, pursuant to 42 U.S.C. §§ 1985(3), 1986 and 1988(a), (b) & (c).

WHEREFORE, Plaintiffs seek judgment in their favor, and against Defendants, jointly and severally, in an amount in excess of Twenty Million Dollars ($20,000,000.00), together with punitive damages, pre- and post-judgment interest, costs of suit, attorney's fees, injunctive relief, and any other relief the court deems as fair and just.

## COUNT SEVEN – FULL FAITH AND CREDIT, RES JUDICIATA, AND COLLATERAL ESTOPPEL (ISSUE PRECLUSION) FOR THE DECISIONS OF THE SUPREME COURT OF THE REPUBLIC OF KOREA, AND THE SEOUL CENTRAL DISTRICT COURT OF THE REPUBLIC OF KOREA.

113.    Plaintiffs repeat and re-allege the prior allegations as if set forth at length herein.

114.    In 2013, the Seoul District Court, in Case # 2012 KoJung 3440 and the Seoul Central District Court, in Case # 2013 No 1664, convicted individuals in Korea of criminal copyright violations under the law of the Republic of Korea.

115.    The courts in Korea held that the statements claiming that Plaintiff JSD had murdered Professor Hong and his wife were false and defamatory.

116.    The courts in Korea compelled the closure of the defamatory website that had originated in South Korea.

117.    Full faith and credit, and the effect of res judicata, and/or collateral estoppel (issue preclusion), should be accorded to the decisions of the judiciary of the Republic of Korea.

WHEREFORE, Plaintiffs seek judgment in their favor, and against Defendants, jointly and severally, in an amount in excess of Twenty Million Dollars ($20,000,000.00), together with punitive damages, pre- and post-judgment interest, costs of suit, attorney's fees, injunctive relief, and any other relief the court deems as fair and just.

## COUNT EIGHT – THE NEW YORK STATE CONSTITUTION'S, BILL OF RIGHTS, ART. I, SECTION 3.

118.    Plaintiffs repeat and re-allege the prior allegations, as if set forth at length herein.

119.    Article I, section 3 of the Constitution of the State of New York holds: "The free exercise and enjoyment of religious profession and worship, without discrimination or

preference, shall forever be allowed in this state to all humankind; and no person shall be rendered incompetent to be a witness on account of his or her opinions on matters of religious belief; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness, or justify practices inconsistent with the peace or safety of this state."

120.     The original scriveners of the Article I, section 3 of the New York Constitution did not intend that "state action" be required in order to afford protection to people from interference with their right to religious profession and worship; and/or, a construction or interpretation that Article I, section 3, requires "state action" is inconsistent with the construction or interpretation of the purpose of the provision, and/or with the responsibility to protect basic rights, and/or is inconsistent with a proper reading of state constitutional provisions in light of contemporary conditions, and/or other doctrines, both constitutional law and common law, in law and equity.

121.     Article I, section 3 creates a private right of action for tortious interference with the right of people to the free exercise and enjoyment of religious profession and worship.

122.     Defendants, for the reasons set forth above, have willfully interfered with the right of Plaintiffs to the free exercise and enjoyment of religious profession and worship.

123.     Defendants were motivated solely by malice.

124.     As a direct and proximate result of Defendant's tortious interference with the right of Plaintiffs to the free exercise and enjoyment of religious profession and worship, Plaintiffs have suffered general and special damages. These damages included harm to the reputation of Plaintiffs. Plaintiff JSD has lost members of the religious organization, lost potential members of the religious organization, and has lost donations as a direct and proximate result of the tortious set forth above.

WHEREFORE, Plaintiffs seek judgment in their favor, and against Defendants, jointly and severally, in an amount in excess of Twenty Million Dollars ($20,000,000.00), together with punitive damages, pre- and post-judgment interest, costs of suit, attorney's fees, injunctive relief, any other relief the court deems as fair and just.

## COUNT NINE – INJUNCTIVE RELIEF

125.     Plaintiffs repeat and re-allege the prior allegations as if set forth at length herein.

126.     Defendants have unlawfully published defamatory statements about Plaintiffs. The content of the statements constitutes defamation per se as they accuse Plaintiffs of criminal behavior, and are directed at Plaintiffs trade, business, and profession.

127.     The statements are demonstrably false.

128.     Without an injunction, Plaintiffs will be irreparably harmed. Money damages cannot adequately compensate Plaintiffs for the harm to their reputation.

129.     Even if money damages are awarded, they may not be collectible.

130.     Uncollectible money damages cannot compensate the harm to Plaintiffs. There is no incentive for such Defendants to cease their wrongful conduct when the only consequences are potentially uncollectible money judgment. That is, without an injunction, a financially insolvent defendant can escape liability from defamation by merely being unable to pay a money judgment. Given the viciousness of the statements made by Defendants, if Defendants are permitted to continue to publish statements to defame JSD and Plaintiffs, any recourse in damages at law at the conclusion of the case will be insufficient to rehabilitate the reputation, image, and trust by the public in Plaintiffs. The balance of the equities favors the granting of injunctive relief.

131.    Defendants cannot be harmed by being enjoined from doing something they are not authorized to do – defame others.

132.    The reputation and donation by members of a religious organization is paramount to its ministry, mission and survival.  Plaintiff JSD has lost members of the religious organization, lost potential members of the religious organization, and has lost donations as a direct and proximate result of the malevolent, reckless, intentional, willful, wanton and/or malicious actions of Defendants. Plaintiffs are being irreparably harmed.

133.    Greater injury will result from the denial of an injunction than from the grant of an injunction in that an injunction will merely restore the status quo before the unlawful conduct arose.

134.    The public interest will be served by enjoining Defendants as current and prospective followers/members will not be unlawfully discouraged from continuing or seeking the religious counsel from Plaintiffs.

135.    The activities sought to be restrained are actionable and the injunction requested is reasonably suited to abate such activities.  Plaintiffs' right to recovery is clear and the alleged wrong is manifest.

WHEREFORE, Plaintiffs request that judgment be entered in its favor, and against all Defendants, jointly and severally.  Plaintiffs further request that an injunction be granted enjoining Defendants, and anyone acting in concert with the Defendants, as follows:

a)      to remove all defamatory statements relating to Plaintiffs from any and all forms of publication, and any and all media whatsoever; to prohibit Defendants from making any additional defamatory statements relating to Plaintiffs;

b)      to remove all copyrighted material belonging to any Plaintiff from any and all forms of publication, pursuant to 17 U.S.C. §§ 301, 502 and 503; 17 U.S.C. § 1202(b)(1) and (2); 42 U.S.C. § 1988(a); and the Court's equitable authority;

26

c)   Impounding any improperly copied and infringed copyrighted materials;

d)   to be prohibited from making additional copies or distribution of all copyrighted material belonging to any Plaintiff;

e)   For damages, both statutory and at common law;

f)   For costs, and a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; 17 U.S.C. § 1203(b)(4) and (5); and/or 42 U.S.C. §§ 1988 (b) and (c).

g)   For other relief the court deems as fair and just.

Dated: New York, New York
       November 6, 2014

Respectfully submitted,
KIM & BAE, P.C.

By: _____
B. J. Kim, Esq.
Attorney Bar Code: BK-6989
Attorneys for Plaintiffs
2160 North Central Road
Suite 303
Fort Lee, New Jersey  07024
(201) 585-2288

-and-

110 East 59th Street, 22nd Floor
New York, New York  10022
(212) 319-6888

### *RULE 7.1 CERTIFICATION*

Pursuant to *Fed. R. Civ. P.* 7.1, and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff Jeungsando of America, Inc., certifies that Jeungsando of America, Inc., is a privately-held religious corporation, established under the laws of the State of New York, and that it has no corporate parents, affiliates, or subsidiaries at all, and has no publically held corporate parents, affiliates, or subsidiaries.

Dated:  November 6, 2015

B. J. Kim, Esq.
Attorney Bar Code: BK-6989

28